101 F.3d 110
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David L. KING, Petitioner-Appellant,
v.
Jack DUCKWORTH, Respondent-Appellee.
 No. 96-1732.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 31, 1996.*
Decided Nov. 4, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 David Lee King, currently an inmate at the Correctional Industrial Complex in Pendleton, Indiana, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied King's habeas corpus petition and his motion for an expansion of the record and King appeals. King claims that he was denied due process of law during two separate disciplinary sanction proceedings while an inmate at the Indiana State Reformatory in Pendleton, Indiana in 1982 and 1983. King also asserts that the district court erred in denying his motion to expand the record to include certain portions of the then-applicable Indiana Department of Corrections Disciplinary Policies and Procedures.
 
 
 2
 In 1982, King refused an order by the director of classification at the Indiana Reformatory to double cell. King was notified of a disciplinary hearing related to his refusal to double cell before the Conduct Adjustment Board (CAB). King was found in violation of the rule and the CAB demoted King from Class I earned credit time class to Class II. In 1983, another conduct report was filed against King for leaving his cell during a period when he was ordered "deadlocked." The CAB held a disciplinary hearing, found King guilty of the violation and demoted him from Class II earned credit time class to Class III. King testified on his own behalf at each of the hearings.
 
 
 3
 King asserts that the mandatory language in Indiana Code §§ 11-11-5-5 and 35-50-6-4 imposes a higher evidentiary standard to be used during prison disciplinary proceedings and thus creates a liberty interest protected by the Fourteenth Amendment. King's reliance on mandatory language as a basis for a liberty interest is misplaced, however, in light of the United States Supreme Court decision, Sandin v. Conner, 115 S.Ct. 2293 (1995). In Sandin, the Court rejected "the search for a negative implication from mandatory language in prisoner regulations" and found that state created liberty interests are "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 2300. Consequently, "if 'the State's action will inevitably affect the duration of [the] sentence,' there is due process protection, but [ ] there is no such protection for an action that might merely affect the duration of the sentence." Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir.1996) (citing Sandin, 115 S.Ct. at 2302) (first alteration in original). Whether a demotion in credit earning class "inevitably affects the duration of the prisoner's sentence" and consequently, whether an inmate has a protected liberty interest in a credit earning class remains unresolved in this circuit. Compare Antonelli, 81 F.3d at 1431 (stating that prisoner "has no due process interest in the opportunity to earn good time credits" through engaging in rehabilitative programs) with Meeks v. McBride, 81 F.3d 717, 719 (7th Cir.1996) (court did not address the issue because parties stipulated that prisoner has a protected liberty interest in earned good time credits and credit earning class). Assuming that such a protected liberty interest exists.[1] King's claim still fails.
 
 
 4
 King states that the CAB's alleged failure to follow the higher evidentiary standard of "preponderance of the evidence" articulated in Indiana Code § 35-50-6-4 denied him due process of law. "[A] State may choose to require procedures against deprivation of substantive rights, ... [however,] in making that choice, the State does not create an independent substantive right." Olim v. Wakinekona, 461 U.S. 238, 250-51 (1983). King was not deprived of any due process right by the State's alleged failure to use a preponderance of the evidence standard in evaluating King's guilt. The Constitution requires only that "some evidence" existed to support the finding of King's guilt. Superintendent v. Hill, 472 U.S. 445, 455 (1985); Henderson v. United States Parole Comm'n, 13 F.3d 1073, 1077 (7th Cir.1994). Some evidence, namely the conduct reports citing King for his failure to obey orders, existed to support the CAB's determinations.
 
 
 5
 King next asserts that the district court erred in denying his motion to expand the record pursuant to Rule 7(a) of the Rules Governing Section 2254 Cases to include certain Indiana Department of Corrections Disciplinary Policies and Procedures. Rule 7(a) states that "[i]f the petition is not dismissed summarily the judge may direct that the record be expanded by the parties ..." The district court judge summarily dismissed the petition and thus, Rule 7(a) is inapplicable. Furthermore, the Indiana Department of Corrections Policies and Procedures is not relevant to the due process analysis. The motion properly was denied.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The state has not questioned the existence of a liberty interest in this case. Indeed, the state noted that "[p]rison discipline resulting in a demotion of credit class is an example of a state-created liberty interest." Appellee's Br. at 5. Because the parties have stipulated that the demotion in credit class is a protected liberty interest, we decline to decide the issue here